### RAPID HOOK & EYE CO. *v.* DE RUYTER.

1. Appeal—Evidence not in Record—Presumptions.

No presumption will be indulged upon appeal as to the intro-duction of evidence not appearing in the record, where the record purports to contain "the substance of all the evidence given."

2. Corporations—Promoter's Representations—Ratification— Evidence.

The mere testimony of the promoter of a corporation, that the corporation ratified his acts in securing subscribers to stock, is no evidence that the corporation ever ratified his representa-tions to or engagements with subscribers.[1]

---

[1] The authorities on the liability of corporations upon contracts of promoters are considered in an extensive note to *Oakes* v. *Catta-raugus Water Co.*, (N. Y.) 26 L. R. A. 544.

Error to superior court of Grand Rapids; Burlingame, J. Submitted June 10, 1898. Decided July 12, 1898.

*Assumpsit* by the Rapid Hook & Eye Company against Cornelius De Ruyter upon a subscription to the capital stock of the plaintiff. From a judgment for defendant, plaintiff brings error. Reversed.

*McGarry & Belden*, for appellant.

*L. E. Carroll* (*McKnight & McAllister*, of counsel), for appellee.

HOOKER, J. The record shows that the defendant became a stockholder in a corporation known as the Rapid Hook & Eye Company, by signing its original articles of association. Being sued for the amount due upon assessments on his stock, he has defended upon the grounds following, as shown by the testimony: Julius Berkey owned some patents upon hooks and eyes, and he proposed to organize a corporation to purchase said patents, and manufacture hooks and eyes under them. One Doty acted as promoter, and, by arrangement with Berkey (who holds a majority of the stock), induced the defendant and others to subscribe to the capital stock by persuasion and promises which are alleged to have been untrue and fraudulent; and, among other things, it is claimed that the defendant was promised that the company would take his stock if he became dissatisfied with it, though, in this connection, it may be said that proof of this allegation does not appear in the record, which purports to contain "the substance of all of the evidence given." It is asserted, further, that the company ratified the action and undertakings of Doty, but we find nothing in the record justifying the statement, except the answer, "Yes, sir," to the question asked Doty by the defendant's counsel, "Were your acts afterwards ratified by the company in securing subscribers to stock?" It is not claimed that the stockholders took any such action, and the witness said

that he never met the board of directors, and it is not too much to say that there is not a scintilla of evidence that the corporation ever assumed or ratified his representations or engagements. The trial judge stated his understanding of the defense as follows:

"The theory of the defense, as announced by counsel and made a part of this record, and as set forth in his notice, is that the plaintiff ought not to recover for the following reasons: *First*, because one Payson M. Doty, acting for and in behalf of Julius Berkey, made certain false and fraudulent representations to the defendant, which induced the defendant to subscribe for the stock in question; *second*, that the defendant relied upon those representations, believing them to be true; *third*, that he would not have subscribed for the stock had not those representations been made to him; *fourth*, that, if the defendant did not wish to retain the stock, it would be taken off his hands, and he relieved from responsibility; and, *fifth*, that the action of Mr. Doty and Mr. Berkey was ratified by the plaintiff."

The court added:

"But the defendant relies entirely, as a defense to this action, upon the ground that the reputed false and fraudulent representations which would defeat this action were made by the promoter, Mr. Berkey, and his reputed agent, Mr. Doty, prior to the time of subscribing for the stock and signing the articles of association, and were subsequently ratified by the plaintiff. Upon these grounds the defendant rests his defense, and must stand or fall upon the law applicable to it."

The case of *St. Johns Manfg. Co.* v. *Munger*, 106 Mich. 90 (29 L. R. A. 63, 58 Am. St. Rep. 468), is conclusive of the case. The crucial question was that of ratification, and, as there was no evidence tending to prove it, the jury should have been directed to render a verdict for the plaintiff.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.